Christian J.
delivered the opinion of the court.
The court is of opinion, that the Corporation court of Winchester did not err in overruling the motion of the plaintiff in error to quash the indictment, because it was found by a grand jury of six, selected from nine who had been summoned to attend the term at which the indictment was found.
The 4th section of the act of the general assembly approved March 27th 1874 provides as follows: •
§ 4. For every grand jury in the Circuit courts, and for two terms in each year of the Corporation courts, such terms to be specially designated by such Corporation courts by order entered of record, which order may be changed from time to time, at the discretion of such courts, there shall be summoned twenty-four citizens of this state, of the county or corporation in which such court is held, and in other respects qualified jurors &c. * * * The number of persons to serve on such grand juries may, by direction of the court to its clerk, be limited to sixteen. For *978 the grand juries to all other terms (i. e., except the two terms designated by order entered of record), there shall be summoned ten citizens of the state, with like qualifications, and subject to the exceptions hereinbefore stated: And the court may by direction to its clerk, limit the number of persons to serve thereon, to not less than six.”
By an act approved April 23d, 1874, the first and third sections of the act of March 27th 1874, were amended; but the 4th section remains without amendment as above quoted.
Section 1st provides for a grand jury at each regular term of a Circuit court, and at any special term thereof; and at any term of a Corporation court, upon the order of such court, or the judge thereof, in vacation. And authority is given both Circuit and Corporation courts during any term, to order the empannelling of grand juries for such term.
The 3d section makes it the duty of the clerks, both of the Circuit and Corporation courts, five days before the regular terms of the Circuit court, and before the terms of the Corporation court, designated under 1st section, or on order of a judge in vacation at any time before a special term, or at any time upon order of the Circuit or Corporation court, to place in the hands of the officers of such court, lists of the grand jurors selected by lot as provided in previous section (sec. 2), duly qualified, &e. * * * And it is made the duty of such officers to summon the persons mentioned in said list to attend on the first day of such regular or special terms of such courts, or on the day designated in the order of the court.
It thus appears, that at each regular term of the Circuit Court, and at the two terms designated of record, by the Corporation courts, the clerks of said *979 •courts respectively, shall furnish the lists of qualified .grand jurors, twenty-tour m number, unless by direction of the court the number be limited to sixteen, to the officers of the court five davs before the terms “ respectively.
A t all other terms of the Corporation courts except the two designated of record, ten qualified grand jurors may be summoned; and at such term the number may, by direction of the court, be limited to six.
In the case before us, the indictment against the plaintiff in error was found on the 21st September 1874. On the 18th September Judge Sherrerd, of said Corporation court of Winchester, issued his order in vacation, directing “that a grand jury consisting of ten citizens of this state, of the city of Winchester, and in other respects qualified jurors, * * * be summoned to attend the Hustings court of the city aforesaid, on Monday the 21st September 1874, to serve as grand jurors therein.” Hpon this order the clerk issued his warrant to the sargeant of the corporation, directing him to summon certain grand jurors, naming them, and their residence in different wards of the city of Winchester. Of this list furnished to the sargeant, nine attended the court. At the September term, on what day of the term does not appear, the following order was entered: “ This day came a grand jury, to wit, (naming six of those who had been summoned by the sargeant), who being elected, tried and sworn, and having received their charge, retired to their room, and after some time returned into court, having found as follows : Commonwealth of Virginia v. John Mesmer, Indictment for assault and battery. A true bill. Lloyd H. Logan, Foreman.”
There was a motion to quash this indictment, upon *980 the ground that the grand jury was not made up according to law.
The 1st objection urged by the learned counsel for the plaintiff in error, to the constitution of this grand jury, is, that the list of grand jurors was not made out and delivered to the city sargeant jive days before the term—the order in vacation having been entered on the 18th September, and the term commencing on the 21st of the month. This objection cannot be maintained upon a proper construction of the whole act. The 4th section of the act approved March 27th, is not repealed by the act approved April 23rd 1874.
That section provides: “For the grand jury for all other terms” (i. e. for terms other than the two designated of record), “there shall be summoned ten citizens of the state, with the qualifications, and subject to the exceptions heretofore stated. And the court may, by direction to its clerk, limit the number of persons to serve thereon to not less than six.”
Ifow the 3d section requires the clerk of the Circuit court, five days before the regular term thereof, and of the Corporation courts five days before the terms designated in the 1st section, to place in the hands of the proper officer a list of grand jurors &c.; but it also provides that such list may at any time, before a special term of the Circuit court, by order of a judge thereof, and at any time upon order of such Circuit or Corporation court, be placed in the hands of the officer of the court, such list of grand jurors.
Power is thus conferred upon both the Circuit and Corporation courts to direct a grand jury to be summoned at any time, by order of such courts in term; and upon the Corporation courts is conferred the power to limit the number by direction to its clerk to six grand jurors.
*981 The 2nd objection urged is, that there is no order of record, giving direction to the clerk to summon six grand jurors; and that the judge in vacation having directed that ten jurors should be summoned, they should have constituted a grand jury; and that they should have been summoned five days before the court.
To the 1st branch of the objection it is sufficient to remark, that the act does not require the direction to the clerk to be entered of record. It simply provides that the court may by direction to the clerk, limit the number of grand jurors to six.
How when it appears by the record that six grand jurors were elected, tried and sworn and received the charge and retired to consider of their duties, it must be presumed that all this was done by the direction of the court. The acts of the clerk done in the presence of the court and under the supervision of the court, must be taken to be done by direction of the court. When the clerk calls and administers the oath prescribed by law for grand jurors to six men in the presence of the court as a grand jury, we are bound to presume that all this was done by direction of the court. What the clerk did in the premises was the act of the court. Done in the presence of the court, it must be presumed to have had the sanction and authority of the court. The act of the clerk became the act of the court, and the fact that it was done in the presence of the court is conclusive that it was done by its sanction and direction. And all the law requires is that the number of grand jurors may be limited to six by direction of the court. It does not require that this “direction” shall be made a matter of record. The act of the clerk in swearing a grand jury of six would have been without authority, and nothing, except that *982 it was done in the presence and with the sanction of the court. And when that act is done in the presence of the court it must be presumed to have been done direction, and was in fact the act of the court. See Allen v. Commonwealth, 2 Leigh 727; Thornton v. Commonwealth, 24 Gratt. 657.
Nor is there any valid objection in the fact that this, grand jury was composed of six of the nine summoned by order of the court in vacation. On the contrary the presumption is, that those summoned by the vacation order were selected because of their peculiar fitness for their duties as grand jurors. The fact that six of their number were selected instead of six others-—the court having authority to summon six—certainly does not invalidate an indictment made by a grand jury composed of six, because that six was selected from men already summoned as a proper grand jury.
The court is therefore of opinion that there was no error in the judgment of the Corporation court of "Winchester, in overruling the motion of the plaintiff in error to quash the indictment, because it was found by a grand jury not constituted according to law: this court being of opinion, that the grand jury composed of six members, was lawfully constituted, by direction of the court having authority to order such grand jury. And that the indictment made by such grand jury, was made by authority of law.
But the court is further of opinion, that the said Corporation court erred in overruling the motion of the plaintiff in error for a new trial; and in entering judgment for the amount of the verdict and costs of the prosecution; and in entering as the judgment of court, that the plaintiff' in error be imprisoned for ten days in the city jail.
*983 The facts certified by the court are:
That in September, 1874, Amos Jackson, a man of color, came to "Winchester from Clarke county, where he was living with his employer, and with this latter’s wagon and team, which he stopped on Main street, and went to a store on the opposite side of the street, returning thence with another man of color; and heai’ing a noise of some disturbance in Woolfort’s saloon, attempted, together with several other men of color, to enter the same to see what was going on; but they were met in the vestibule by the proprietor, Henry Woolfort, who told them not to come in, and to go away from his door and not block it up; whereupon they all did as asked, save said Jackson, whom Woolfort again told to keep out, and go away, and shoved him just outside the door. Standing there, he said to Woolfort: “I’ll knock you down in a minute, if you fool around me.” That the accused was and had long been chief of police of the city of Winchester, and charged with the preservation of its peace— had been called for by some one present by cries of “police!” but whether for the disturbance in the house was not proven, and run up to the place in time to hear Jackson’s remark to Woolfort; wherepon he said to Jackson: “What’s that you say? Get away from here;” and took him by the coat collar; but Jackson resisted, and, being a stouter man, broke Mesmer’s hold by turning around suddenly, and, by the act of turning, threw Mesmer away from him; saying, when Mesmer first seized him, “Go away, boss, you’ve got nothing to do with me, I ain’t adoing nothing:” that upon being thrown off' as above stated, Mesmer advanced upon and seized Jackson again, and the latter again breaking away, Mesmer struck him on the head with a whalebone stick about an inch thick and two *984 feet long, tipped with white metal ferrules at each end, which the witness described as a billy; and Jackson still resisting arrest, and backing toward the curbstone, Mesmer struck him again, whereupon Jackson struck at Mesmer once or twice, and, in doing this, knocked the stick from his hands; upon which Mesmer reaching behind as if for his pistol, Jackson ran diagonally and very fast across the street and up an alley leading to Market street. Mesmer followed him rapidly, and after Jackson entered the alley, Mesmer fired three or four shots from his pistol; and after a considerable chase overtook and arrested Jackson and, with another officer, took him to jail. That when be fired the first shot he was very near to Jackson and could, in the opinion of witnesses, have hit him, had he intended to do so; but it was not proved whether or not Jackson was struck by any of the shots fired, and that be had no wounds about him, except a small one on the side of his head, although he was at his own request examined by two physicians. That Jackson was tried by a justice of the peace for resisting an officer, and being asked if he had any witnesses, said he had none—said he knew he had done wrong, and hoped the justice would be easy on him; and it was further proved that Mesmer interceded with the justice for him, and the justice thereupon abandoning the idea of sending him on to the grand jury, fined him one dollar and costs; and Jackson afterwards procured Mesmer’s indictment, and employed counsel to assist in prosecuting him.
This court is of opinion, that the evidence certified, conclusively shows, that the alleged assault by the plaintiff in error, was made in the discharge of his official duty; as chief of police of the city of Winchester; and that no more force was employed by *985 plaintiff in error than was necessary to secure the arrest of the party he was charged in the said indictment with having assaulted. Indeed the evidence. conclusively shows, that no force was used until the plaintiff’ in error was resisted and assaulted, while making an arrest, in a case, which his duty as chief of police required him to make. The party whom he attempted to arrest was at the time so conducting himself as that his conduct vas riotous and uulawful, and he continued his riotous and unlawful conduct by resisting and violently assaulting the officer. The blow, or blows struck by the officer, were only struck to accomplish his arrest, and cannot in law be considered an assault and battery for which the officer can be punished. The fact that the officer fired a pistol at the party when he had escaped by violent resistance, after assaulting the officer, does not alter the case. It is evident that the officer simply fired the pistol to intimidate the party, who, after assaulting him, had effected his escape, and compel his surrender. It is proved that the party was not shot, though the officer could easily have shot him; and the evidence shows that the pistol shots were fired only to intimidate and cause to surrender, a party who being caught by a policeman, (who is attracted to the spot by cry of Police,) was engaged in riotous conduct—resists the officer, violently assaults him, and makes his escape.
It would never do, to hold policemen liable under •such circumstances, for a prosecution for assault and battery.
The peace and good order of society, in every well •ordered government, requires that policemen in the discharge of their duty, and in their efforts to protect society against violence and riotous conduct of evil •doers, should he protected, and not be subjected to *986 harassing prosecutions for the faithful discharge of their duties as conservators of the peace.
The court is therefore of opinion, that the Corpora-^on court 0f Winchester erred in overruling the mo-0 tion of the plaintiff for a new trial, and in ordering the imprisonment of the plaintiff in error in the county-jail.
For this error the judgment must be reversed, and the cause remanded for a new trial to be had therein..
Staples J. dissented.
The judgment was as follows:
This day came again as well the plaintiff in error as. the attorney-general on behalf of the commonwealth,, and the court having maturely considered the transcript of the record of the judgment aforesaid and the-arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that there is no error in the judgment of the Corporation court of Winchester in overruling the motion to quash the indictment, upon the alleged ground that it was found by a grand jury illegally constituted: this court being-of opinion that a grand jury of six, which found said indictment, was under the statute law of this state legally- and properly constituted.
But the court is further of opinion, that the said Corporation court erred in overruling the motion of the plaintiff in error for a new trial: this court being of opinion that the evidence certified, conclusively shows that the plaintiff in error was not guilty of such-an assault and battery as is punishable under the laws, of this state; but that as the chief of police of the city of Winchester, he did not use more force than *987 was necessary to make an arrest, and did not use any force until lie was violently resisted, and himself assaulted by the party he was attempting to arrest.
The court is therefore of opinion, that the said court erred in refusing to set aside the verdict of the jury aforesaid, and in adjudging that the plaintiff in error be imprisoned ten days in the city jail; for which error the judgment must be reversed, and the case remanded to said Corporation court, with directions to set aside said verdict and grant to the plaintiff in error a new trial; which is ordered to be certified to the said Corporation court of Winchester.
Judgment reversed.